UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHRISTOPHER J. HARVEY,**

      Petitioner,

  v.

**UNITED STATES OF AMERICA,**

      Respondent.

**Crim. Case No. 2:16-cr-182**
**Civil Case No. 2:21-cv-4748**
**Judge JAMES L. GRAHAM**
**Magistrate Judge Chelsey M. Vascura**

## REPORT AND RECOMMENDATION

Petitioner, a federal inmate, filed a document he captions as "Defendant's Motion to Modify Supervised Release Pursuant to 18 U.S.C. § 3583(e)(2)," in which states that "this is not a § 2255 nor a § 2241 petition or application. [I am] not challenging [my] original sentence of 312 months, but only the conditions and the length of supervised release." (ECF No. 67 at PageID # 255.) Notwithstanding how Petitioner captions this filing, the undersigned construes it as a Motion to Vacate under 28 U.S.C. § 2255 because he asserts that his original sentence violated *Apprendi v. New Jersey*. (*Id*. at PageID 256, citing *Apprendi*, 530 U.S. 466, 490 (2001)). Petitioner also argues that the conditions of supervised release violate his First Amendment rights. (*Id*. at PageID # 263.) And significantly, Petitioner was sentenced to 120 months incarceration on July 7, 2017 (Judgment, ECF No. 62), and there is no indication that he has begun serving the term of supervised release. Thus, Petitioner's Motion clearly constitutes an attack on the original sentence, rather than an attempt to modify based on changed conditions.

Having construed Petitioner's Motion as a Motion to Vacate under § 2255, the undersigned must now conduct a preliminary review to determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party

is not entitled to relief" as required under Rule 4 of the Rules Governing Section 2255 Cases in the United States District Court. For the reasons that follow, it plainly appears from the face of the petition that Petitioner is not entitled to relief, as this action is barred by the one-year statute of limitations provided for under 28 U.S.C. § 2255(f). The undersigned therefore **RECOMMENDS** that Petitioner's Motion be **DENIED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On September 8, 2016, Respondent United States of America issued a Bill of Information against Petitioner, alleging that he attempted to entice, via the Internet, a twelve year old female to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). (ECF No. 16 at PageID # 24.) The same day, Petitioner and Respondent entered into a Plea Agreement (ECF No. 18), and on July 7, 2017, Petitioner was sentenced to 120 months incarceration, lifetime supervised release, and was ordered to pay a $100 special assessment. (Judgment, ECF No. 62.) Petitioner did not appeal from that sentence. On September 14, 2021, Petitioner filed the instant Motion (ECF No. 67, PageID # 272).

## II. STATUTE OF LIMITATIONS

Section 2255(f) imposes a one-year limitations period and provides as follows:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The statute of limitations began to run on July 21, 2017, when the time period expired to file a notice of appeal from the judgment. Fed. R. App. P. 4(b)(1)(A)(i). The statute of limitations expired one year later, on July 21, 2018. Petitioner then waited more than three years to file this Motion to Vacate. Thus, the statute of limitations had long expired when this action began.

Further, Petitioner does not allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (holding that in order to obtain equitable tolling of the statute of limitations, a litigant must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"). Petitioner's claims are therefore time-barred, and his motion must be dismissed.

### III. RECOMMENDED DISPOSITION

For the foregoing reasons, the undersigned **RECOMMENDS** that Petitioner's Motion to Vacate (ECF No. 67) be **DENIED**.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                               */s/ Chelsey M. Vascura*
                                               **CHELSEY M. VASCURA**
                                               **UNITED STATES MAGISTRATE JUDGE**